UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARMANDO SOZA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1400** |
| **SOUTHERN FIDELITY INSURANCE COMPANY** | **SECTION: D (4)** |

**ORDER and REASONS**

Before the Court is a fourth Motion for Leave to File Amended and Supplemental Complaint for Damages, filed by plaintiffs, Armando Soza and Dominga Soza.[1] Plaintiffs seek to name the Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant in this case, asserting that LIGA is the statutory successor in interest to Southern Fidelity Insurance Company pursuant to La. R.S. 22:2051.[2]

After considering the Motion and the Supplemental Memorandum submitted by the Plaintiffs and the applicable law, for the reasons expressed below, the Motion for Leave is **GRANTED** and this matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of subject matter jurisdiction.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 29, 2022, Plaintiffs filed a Petition for Damages against Southern Fidelity Insurance Company ("SFIC"), seeking damages, penalties and attorney's fees for SFIC's alleged breach of contract and bad faith failure to

---

[1] R. Doc. 26.  *See*, R. Docs. 11, 13, & 24.

[2] R. Doc. 26 at p. 1.

adequately compensate Plaintiffs for the covered losses to their property caused by Hurricane Ida.[3] On May 18, 2022, SFIC removed the matter to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[4] At the Court's request,[5] SFIC filed an Amended Notice of Removal, adequately alleging the citizenship of the parties.[6]

On June 21, 2022, SFIC filed a Motion to Enforce Stay and Notice of Liquidation and Statutory Stay, notifying the Court that SFIC has been declared insolvent and placed into liquidation, and requesting that this Court "enforce the permanent stay of all claims against SFIC ordered by the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida and the automatic statutory stay of all claims against SFIC and any party which it is obligated to defend as provided by La. R.S. 22:2068(A)."[7] SFIC requested a six-month stay of this matter, until December 15, 2022, and asserted that Plaintiffs' counsel had either consented to, or voiced no opposition to, the request.[8] On June 23, 2022, the Court issued an Order granting the Motion, staying and administratively closing this matter until December 15, 2022, and requiring the parties to file a joint status report by December 9, 2022, advising the Court regarding the status of SFIC's insolvency and the liquidation proceedings in Florida.[9]

On December 9, 2022, instead of filing a joint status report, Plaintiffs filed a Motion for Leave to File Amended and Supplemental Complaint for Damages,

---

[3] R. Doc. 1-2.
[4] R. Doc. 1 at ¶ 3.
[5] R. Doc. 5.
[6] R. Doc. 6.
[7] R. Doc. 9 at p. 1.
[8] *Id.* at p. 3.
[9] R. Doc. 10.

seeking to name Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant in this matter.[10] Plaintiffs asserted that LIGA was the statutory successor in interest to SFIC pursuant to La. R.S. 22:2051. The Court denied the Motion without prejudice on December 13, 2022, because the proposed amended pleading was not comprehensive.[11]

On December 14, 2022, Plaintiffs filed another Motion for Leave to File Amended and Supplemental Complaint for Damages, again seeking to name LIGA as an additional defendant on the basis that LIGA is the statutory successor in interest to SFIC.[12] Plaintiffs also asserted that SFIC's counsel did not object to the filing.[13] In the proposed Supplemental and Amended Complaint for Damages, Plaintiffs alleged that they are Louisiana citizens and that LIGA is "a Louisiana private nonprofit unincorporated legal entity obliged to pay the Claim in accordance with La. R.S. §§ 22:2051."[14] Plaintiffs further alleged, without explanation, that "LIGA is domiciled in and a citizen of Louisiana."[15] Curiously, Plaintiffs alleged that, "District courts have subject-matter jurisdiction over civil actions where (1) 'the matter in controversy exceeds the sum or value of $75,000' and (2) there is complete diversity of citizenship among the parties. Both LIGA and Plaintiff [sic] are domiciled in and citizens of Louisiana."[16]

---

[10] R. Doc. 11.
[11] R. Doc. 12.
[12] R. Doc. 13.
[13] *Id.* at p. 1.
[14] R. Doc. 13-2 at ¶¶ 1 & 3.
[15] *Id.* at ¶ 3.
[16] *Id.* at ¶ 5.

Because it appeared to the Court that granting Plaintiffs' Motion for Leave would destroy the Court's diversity jurisdiction in this case, the Court issued an Order on December 16, 2022, giving Plaintiffs until December 22, 2022 to file a supplemental memorandum addressing the impact of LIGA's addition on the Court's jurisdiction.[17] When Plaintiffs failed to comply with the Court's December 16, 2022 Order, the Court issued a second Order on December 28, 2022, giving Plaintiffs until January 3, 2023 to file their supplemental memorandum.[18]

Pursuant to that Order, Plaintiffs filed a Supplemental Memorandum on December 28, 2022.[19] Plaintiffs asserted that because Plaintiffs and LIGA are both citizens of Louisiana for purposes of diversity jurisdiction, the Court would no longer have subject matter jurisdiction if LIGA were added as a defendant and that the Court should remand this case to state court. The Supplemental Memorandum, however, failed to properly allege the citizenship of LIGA, relying instead upon "a screenshot from the Louisiana Department of Insurance" that purportedly showed the domicile of LIGA.[20] As a result, the Court held a telephone status conference with counsel on January 12, 2023, during which the Court advised Plaintiffs' counsel what information is required to properly allege the citizenship of LIGA.[21] The Court then gave Plaintiffs' counsel until January 19, 2023 to file a second supplemental memorandum addressing the citizenship of LIGA and its members.[22] Plaintiffs,

---

[17] R. Doc. 14.
[18] R. Doc. 15.
[19] R. Doc. 16.
[20] *Id.* at p. 2.
[21] R. Doc. 19.
[22] *Id.*

however, chose not to file another supplemental memorandum. As such, the Court denied without prejudice Plaintiffs' December 14, 2022 Motion for Leave to File Amended and Supplemental Complaint.[23]

Because the stay previously imposed by the Court had expired on December 15, 2022 without either party filing a motion to lift the stay,[24] the Court issued an Order on February 9, 2023 staying and administratively closing the case until any party filed a motion to lift the stay and it was ruled upon by the Court.[25]

On March 1, 2023, Plaintiffs filed a Consent Motion to Lift Stay, asking the Court to lift the stay so that Plaintiffs could seek leave of court to file an amended complaint adding LIGA as a defendant.[26] The Court granted the Motion on March 6, 2023, and reopened this matter.[27] On March 13, 2023, Plaintiffs filed another Motion for Leave to File Amended and Supplemental Complaint for Damages, seeking to name LIGA as a defendant.[28] The Court denied the Motion without prejudice on March 15, 2023, finding, yet again, that Plaintiffs had failed to provide the Court with sufficient information regarding the citizenship of LIGA's constituent member insurers, as required by Fifth Circuit authority.[29]

---

[23] R. Doc. 20.
[24] R. Doc. 10.
[25] R. Doc. 21.
[26] R. Doc. 22.
[27] R. Doc. 23.
[28] R. Doc. 24.
[29] R. Doc. 25 at p. 2 (citing *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing authority) ("LIGA has the citizenship for diversity purposes of each of its constituent member insurers.")).

On March 29, 2023, Plaintiffs filed the instant Motion, again seeking leave to file an amended complaint to name LIGA as a defendant.[30] Interestingly, the proposed pleading contains the same allegations regarding LIGA's citizenship that the Court previously determined were insufficient in its March 15, 2023 Order. Specifically, Plaintiffs identify Centauri National Insurance Company ("Centauri") as a constituent member insurer of LIGA, and Plaintiffs assert that Centauri "is domiciled and a citizen of Louisiana" based upon "a screenshot from Louisiana Department of Insurance."[31]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."[32] The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally."[33] However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[34]

"The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more

---

[30] R. Doc. 26.
[31] R. Doc. 26-2 at ¶ 3 (*citing* R. Doc. 26). *Compare to* R. Doc. 24 at pp. 2-3.
[32] Fed. R. Civ. P. 15(a).
[33] *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir. 1995).
[34] 28 U.S.C. § 1447(e).

closely than an ordinary amendment."[35]  When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[36]  The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[37]  Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.[38]

Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case.[39]  In *Cobb*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, *even when the newly joined defendants are not indispensable.*"[40]  In reaching this conclusion, the court relied upon *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, a First Circuit case in which the court held that joinder or substitution of non-diverse defendants for fictitious

---

[35] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995) (Berrigan, J.); *See, Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).
[40] 186 F.3d at 677 (emphasis added).

defendants after removal destroys diversity, regardless of whether the defendants are dispensable or indispensable to the action.[41]  The *Cobb* court also cited a decision from the D.C. Circuit, which "supports the view that . . . post-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e)."[42]  Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties.[43]

SFIC removed this action based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[44]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[45] "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[46]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[47]  The removing party has the burden of proving federal diversity jurisdiction.[48]  Remand is proper if at any time the court lacks subject matter jurisdiction.[49]

---

[41] *Cobb*, 186 F.3d at 680 (citing *Casas*, 42 F.3d 668, 674 (1st Cir. 1995)).
[42] *Cobb*, 186 F.3d at 681 (citing *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996)).
[43] *Joseph v. Fluor Cop.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).
[44] 28 U.S.C. § 1332(a)-(a)(1).
[45] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[46] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[47] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[48] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[49] *See,* 28 U.S.C. § 1447(c).

### III. ANALYSIS

#### A. Leave to Amend is Granted.

The Court finds that a majority of the *Hensgens* factors weigh in favor of granting Plaintiffs' Motion for Leave and allowing Plaintiffs to file the proposed Supplemental and Amended Complaint for Damages naming LIGA as an additional defendant, even though it appears that LIGA is a non-diverse defendant. Turning to the first *Hensgens* factor, the Court is persuaded that the purpose of Plaintiffs' amendment is the inclusion of the proper defendant, rather than the exclusion of federal jurisdiction. Plaintiffs have submitted evidence showing that SFIC has been licensed to transact insurance in Louisiana since 2007[50] and that SFIC was placed into receivership by the Second Judicial Circuit Court in Leon County, Florida, on or about June 15, 2022.[51] As such, SFIC is an "insolvent insurer" under La. R.S. 22:2055(7).[52] The Court therefore agrees with Plaintiffs that LIGA is SFIC's statutory successor in interest pursuant to the Louisiana Insurance Guaranty Association Law, La. R.S. 22:2051, *et seq.*, rendering LIGA an appropriate additional party to this litigation.[53] Further, SFIC was not placed into receivership until *after*

---

[50] R. Doc. 9-3.
[51] R. Doc. 9-2.
[52] *See*, La. R.S. 22:2055(7) (defining an "Insolvent insurer" as "(a) An insurer that is licensed and authorized to transact insurance in this state, either at the time the policy was issued or when the insured event occurred, and (b) Against whom an order of liquidation with a finding of insolvency has been entered by a final judgment of a court of competent jurisdiction in the insurer's state of domicile or of this state, and which order of liquidation has not been stayed or been the subject of a perfected suspensive appeal or other comparable order.").
[53] *See*, La. R.S. 22:2052 ("The purpose of this Part is to provide for the payment of covered claims under certain insurance policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.").

the case was removed to this Court. Thus, Plaintiffs neither knew nor should have known of LIGA's involvement in this litigation when Plaintiffs filed their state court Petition.[54]

The Court further finds that Plaintiffs have not been dilatory in seeking to add LIGA as a defendant, as this case was removed to this Court on May 18, 2022 and was stayed for six months approximately one month later due to SFIC being placed into receivership by the Florida court.[55] The temporal proximity between removal, SFIC's placement into receivership, and Plaintiffs' recent efforts to name LIGA as an additional defendant does not suggest that the true purpose of the proposed amendment is to defeat jurisdiction. As such, the second *Hensgens* factor weighs in favor of granting Plaintiffs' Motion for Leave. The Court likewise finds that the third *Hensgens* factor weighs in favor of granting the Motion for Leave, as Plaintiffs will be significantly prejudiced if they are not allowed to name LIGA as a defendant since they can no longer seek recovery from SFIC. Accordingly, the Court finds that the *Hensgens* equitable analysis weighs in favor of allowing Plaintiffs' amendment to name a non-diverse defendant in this case. As such, the Motion is granted and Plaintiffs are allowed to file their Supplemental and Amended Complaint for Damages.[56]

---

[54] *See*, *Schindler v. Charles Schwab & Co., Inc.*, Civ. A. No. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (Africk, J.) ("When analyzing the first *Hensgens* factor, district courts have considered whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.").
[55] *See*, R. Docs. 1 & 10.
[56] R. Doc. 26-2.

**B. Based upon the Supplemental and Amended Complaint for Damages, this Court no longer has diversity jurisdiction and this matter must be remanded.**

In the proposed Supplemental and Amended Complaint for Damages, Plaintiffs seek to name LIGA as a defendant and assert that, "LIGA is domiciled in and a citizen of Louisiana" because one of LIGA's constituent member insurers, Centauri, "is domiciled and a citizen of Louisiana."[57] To support this assertion, Plaintiffs rely upon a screenshot of the Louisiana Department of Insurance website that purportedly lists Louisiana as Centauri's domicile.[58] As the Court explained in its March 15, 2023 Order denying Plaintiffs' prior motion for leave to amend, however, these allegations are insufficient to establish the citizenship of Centauri and, consequently, the citizenship of LIGA.[59]

Nonetheless, in a separate matter that was previously before this Court and involved the same plaintiff's attorney, counsel for LIGA acknowledged during a telephone status conference on March 13, 2023 that, "LIGA is a Louisiana citizen because one or more of its constituent insurer members is a citizen of Louisiana."[60] Based upon that representation by LIGA's counsel, it appears that the parties are no longer completely diverse. According to § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[61] The statute also specifically provides that, "If after removal

---

[57] R. Doc. 26-2 at ¶ 3 (*citing* R. Doc. 26 at p. 2).
[58] R. Doc. 26 at pp. 2-3.
[59] *See*, R. Doc. 25 at pp. 1-2.
[60] *See*, R. Doc. 21 at p. 6 in *Kyle Mipro v. Weston Specialty Ins. Co.*, Civ. A. No. 22-2139 (E.D. La. March 16, 2023).
[61] 28 U.S.C. § 1447(c).

the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[62] Because the Court is granting the Motion for Leave and allowing Plaintiffs to amend their original Petition to name LIGA, a non-diverse defendant, § 1447(e) requires this Court to remand the matter to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction.[63]

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Leave to File Amended and Supplemental Complaint for Damages [64] is **GRANTED**, and the Clerk's Office is directed to file the Supplemental and Amended Complaint for Damages[65] into the record in this matter. Upon granting the Motion for Leave, however, there will no longer be complete diversity of citizenship between the parties. Accordingly, **IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, April 4, 2023.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[62] 28 U.S.C. § 1447(e).
[63] *See*, *Tillman v. CSX Transp., Inc.*, 929 F2d 1023, 1029 n.11 (5th Cir. 1991); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Mitchell v. Wal-Mart Stores, Inc.*, Civ. A. No. 15-2506, 2016 WL 447721, at *2-3 & n.1 (W.D. La. Feb. 4, 2016) (Hanna, M.J.); *Schindler v. Charles Schwab & Co., Inc.*, Civ. A. No. 05-0082, 2005 WL 1155862, at *2 (E.D. La. May 12, 2005).
[64] R. Doc. 26.
[65] R. Doc. 26-2.